Stephen **KELLEY**, d/b/a Island Pizza

v.

**K & H REALTY TRUST** et al.

No. 95–582–Appeal.

Supreme Court of Rhode Island.

July 9, 1998.

Judith Hodge Porteus.

Geoffrey Alan Regan, East Greenwich.

## ORDER

This case came before the Supreme Court on November 12, 1997, pursuant to an order directing both parties to appear and to show cause why the issues presented should not be summarily decided. Following oral arguments we issued a second order remanding the papers in this case to the Superior Court for entry of judgment pursuant to Rule 54(b) of the Superior Court Rules of Civil Procedure. On June 2, 1998, the papers in this case were re-certified to this Court. Having examined the parties' memoranda and having considered their arguments, we perceive that cause has not been shown. Therefore we shall proceed directly to the merits of this contract dispute.

In June 1993, defendant K & H Realty Trust (defendant) entered into a written lease agreement (1993 lease) with plaintiff Stephen Kelley, d/b/a Island Pizza (Kelley). The 1993 lease provided that Kelley would lease the eastern half of the first floor in defendant's commercial building from June 1, 1993 to February 28, 1994. Rent was set at $14,000 and was to be paid in four equal installments of $3,500 in June, July, August, and September 1993. It is undisputed that Kelley did not pay any rent pursuant to the 1993 lease. Instead Kelley maintained that he was entitled to setoffs against the rent because he had incurred expenses that he argued were properly chargeable to defendant.

Nevertheless on or about November 1, 1993, the two parties executed an option agreement, whereby Kelley was allowed to continue leasing the premise from defendant and was granted the option to purchase the leased premise after September 1994, but before January 1, 1995. The option agreement also included a provision that Kelley must pay rent on the 1993 lease by August 15, 1994.

On or about March 1, 1994, the parties entered into a second written lease (1994 lease), which commenced on March 1, 1994, and terminated on February 28, 1995. Pursuant to the terms of the 1994 lease rent was $15,400, and was to be paid in full on or before August 15, 1994. While Kelley paid the rent pursuant to the 1994 lease, as of August 15, 1994, rent pursuant to the 1993 lease was still outstanding. On October 2, 1994, defendant sent Kelley a letter demanding full payment for the 1993 rent. Several days later Kelley's counsel answered that it was Kelley's intention to exercise the option to purchase the real estate. On October 11, 1994, defendant served an eviction notice upon Kelley, which also specifically canceled the option to purchase the real estate.

On December 29, 1994, Kelley filed a complaint in Washington County Superior Court seeking, *inter alia,* (1) specific performance of the option agreement, (2) a declaration that his setoffs from rent due pursuant to the 1993 lease were valid and enforceable, (3) an injunction restraining defendant from interfering with his quiet enjoyment of the premise, and (4) damages for lost profits. The defendant filed a timely answer to Kelley's complaint and counterclaimed for abuse of process and slander of title. In addition defendant also propounded a request for production of documents and a request for admissions. The defendant's request for admissions is the focus of this appeal.

Included among defendant's requested admissions were that: (1) Kelley had failed to pay some or all of the payments required pursuant to the 1993 lease, (2) Kelley had failed to pay some or all of the payments required pursuant to the 1994 lease, (3) Kelley did not have an enforceable option to purchase any real estate from defendant, and

(4) Kelley did not have any defense or counterclaim to his obligations to tender payments pursuant to the 1993 and 1994 leases. The defendant's request for admissions was filed on January 17, 1995. Having failed to answer the request within the ten days allotted by then-applicable Rule 36 of the Superior Court Rules of Civil Procedure, Kelley filed a motion for an enlargement of time to answer defendant's request. On February 20, 1995, a justice of the Superior Court granted Kelley's motion and ordered that defendant's request be answered within ten days.

After having not received an answer to his request for admissions, defendant filed a motion for summary judgment on May 8, 1995, with respect to Kelley's complaint and defendant's counterclaims. In his memorandum supporting the motion for summary judgment, defendant argued that since Kelley failed to respond to his request for admissions, namely that Kelley did not pay rent under the 1993 or the 1994 leases, that there was no enforceable option agreement, and that Kelley did not have valid setoffs or defenses on the counterclaims, these assertions were deemed admitted and by virtue of those admissions it was entitled to judgment as a matter of law.

Finally, on June 16, 1995, approximately four months after Kelley had received a ten day extension to respond to the request for admissions, he responded to the request for admissions and denied all the pertinent requests. On June 22, 1995, a trial justice heard defendant's motion for summary judgment during which Kelley's counsel requested that the trial justice allow the answers out of time because excusable neglect prevented them from being filed within the allotted time. The trial justice denied this request and granted defendant's motion for summary judgment with regard to Kelley's complaint. This appeal ensued.

Pursuant to the ten-applicable Rule 36(a): "After commencement of an action a party may serve upon any other party a written request for the admission by the latter of the genuineness of any relevant documents described in and exhibited with the request or of the truth of any relevant matters of

fact set forth in the request. * * * Each of the matters of which an admission is requested shall be deemed admitted unless, [answered or objected to] within a period designed in the request, not less than ten (10) days after service thereof."

In the instant case it is undisputed that Kelley did not answer the requests for admission until June 16, 1995, nearly four months after Kelley's motion requesting an additional ten days to answer had been granted. Therefore, pursuant to then-applicable Rule 36(a), Kelley's failure to file a timely response is deemed to be the equivalent of an admission. *See General Elec. Company v. Paul Forsell & Son, Inc.*, 121 R.I. 19, 23, 394 A.2d 1101, 1103 (1978). We have previously stated that once an admission is conclusively established it may be withdrawn only "(1) if the admitting litigant has acted diligently; (2) if adherence to the admission might cause a suppression of the truth; and (3) if the withdrawal can be made without prejudice to the party who made the request." *Id.* We do not find this exception to be applicable in the case at bar. Most notably we observe, as did the trial justice, that on February 28, 1995, two days before Kelley's response to the request for admissions was due, Kelley's counsel appeared before the same trial justice on a related matter in this same case. At that hearing Kelley's counsel made no mention of "any inability to attend to professional obligations for any reason." Furthermore, the trial justice specifically found that the failure to respond to the request for admissions did not amount to excusable neglect and dismissed counsel's family problems in June as having no bearing on the failure to respond to defendant's request for admissions in February.

On appeal Kelley raises an additional issue concerning the propriety of deeming all the pertinent requests admitted since then-applicable Rule 36(a) limited admissions to "any relevant matters of fact." In a supplemental prebriefing statement filed with this Court Kelley argued that some of defendant's enumerated requests concerned mixed questions of law and fact and were therefore beyond the scope of then-applicable Rule 36(a). This issue was not raised before the trial justice, however, thus we deem it to be waived and discussion unnecessary. *See Montecalvo v. Mandarelli*, 682 A.2d 918, 926 (R.I.1996).

Therefore for the reasons articulated we deny and dismiss the plaintiff's appeal. The judgment appealed from is affirmed and the papers in this case may be remanded to the Superior Court.